IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    Civil No.:___1:19-cv-849 (TJM/ATB)

                         Plaintiff           COMPLAINT-Action to Foreclose
                                             A Mortgage

-v-

Paul H. Whalen
181 W. North Street
Ballston Spa, NY 12020

Barbara A. Whalen
181 W. North Street
Ballston Spa, NY 12020

Target National Bank
3701 Wayzata Blvd
Minneapolis, MN 55416

LVNV Funding LLC
15 South Main Street
Suite 500
Greenville, SC 29601

White Birch Estates
16 White Birch Estates
Fort Edward, NY 12828

Capital One Bank (USA), N.A.
15000 Capital One Dr.
Richmond, VA 23238

Village of Ballston Spa, a Municipal Corporation
66 Front Street
Ballston Spa, NY 12020

The Saratoga Hospital
211 Church Street
Saratoga Springs, NY 12866

New York State Department of Labor
Unemployment Insurance Division

Building 12 W. Averell
Harriman State Office Campus
Albany, NY 12240

Louden Oaks
314 Louden Road
Saratoga Springs, NY 12866

New York State Department of Taxation and Finance
Building 12 W. Averell
Harriman State Office Campus
Albany, NY 12240

Workers' Compensation Board of the State of New York
328 State Street
Schenectady, NY 12305

John Doe, Mary Roe, and XYZ Corporation
181 W. North Street
Ballston Spa, NY 12020.
_____

The United States of America, a Sovereign, by Pincus Law Group, PLLC, Attorneys for

the plaintiff, complains and alleges as follows:

1.   This Court has jurisdiction under the provisions of Title 28, United States Code, Section

1345.

2.   On or about June 2, 2006, at the request of Defendants, Paul H. Whalen, and Barbara A..

Whalen, husband and wife, (hereinafter "Defendants"), the Plaintiff, the United States of

America, acting through the Rural Housing Service or successor agency, United States

Department of Agriculture, (hereinafter "Plaintiff"),  did lend to the Defendants, the sum of

$145,135.00, which sum the Defendants did undertake and promise to repay, with interest at

5.75% in specified monthly installments.

3.   As evidence of the indebtedness, the Defendants did execute and deliver to the

Plaintiff a Promissory Note dated 6/02/2006, a true copy of which is attached as Exhibit "A".

4.      In order to secure the payment of the indebtedness, the Defendants did execute, acknowledge, and deliver to the Plaintiff, a real property mortgage dated 6/02/2006, a true copy of which is attached as Exhibit "B".  The real property that is security for the mortgage is commonly known as 181 West North Street, Ballston Spa, NY 12020 located in Saratoga County, New York and more particularly described as set forth in the legal description attached to Exhibit "B", and is also known as Parcel ID/Tax Account # 203.62-2-6.

5.      The mortgage was duly recorded in the Saratoga County Clerk's Office on June 13, 2006 Book 017594 Page 00635, Instrument No. 200607489.

6.      Plaintiff is the owner and holder of the Promissory Note and Mortgage.

7.      The Defendants have breached and violated the provisions of the Promissory Note and Mortgage in that they did neglect and fail to pay the installments of principal and interest when due, despite due demand therefore and by failing to make payment of real property taxes when due**,** thus making it necessary for the plaintiff to pay the same to protect its interest.

8.      By reason of the defaults described herein, plaintiff has elected to declare the entire sums secured by the mortgage to be due and payable.

9.      There is now justly due and payable to the plaintiff, as of  May 31, 2019, on the Promissory Note and Mortgage the following sums:

Unpaid Principal (Note) $114,316.21

Unpaid Interest  (Note)  $14,010.76

Subsidy to Be Recaptured $42,791.73

Escrow                          $1088.13

Late Charges                 $34.40

Other Fees                    $6,351.64

TOTAL:                           $178,592.87

, together with interest at the rate of 5.75% per annum on principal and all advances from 6/1/19.

10.     Upon information and belief, plaintiff may be compelled to make additional advances for payment of taxes, hazard insurance water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to plaintiff at this time.  Nevertheless, plaintiff seeks recovery thereof and therefore, together with interest thereon.

11.     No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Promissory Note and Mortgage, or any part thereof.

12.     The Defendants, besides Paul H. Whalen and Barbara A. Whalen, named in the caption of the Complaint, as set forth in Exhibits "C", have or may claim to have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any accrued subsequently to the lien of the United States mortgage and is subsequent thereto.

13.     That the plaintiff has complied with the notice provisions of the New York State RPAPL Section 1304.  A copy of the required notice is attached hereto as Exhibit "D".

14.     Upon information and belief, the provisions of Banking Law Section 595-a, and any rules and regulations promulgated thereunder, and Banking law Sections 6-1 and 6-m and RPAPL section 1302(1) are not applicable to the mortgage loan that is the subject of this proceeding.

15.     At the time this proceeding was commenced, the plaintiff has complied with the provisions of New York State RPAPL Section 1306 regarding filing with the Superintendent of

the New York State Banking Department.  A copy of the required filing is attached hereto as Exhibit "E".

16.      The true names of the defendants John Doe, Mary Roe and XYZ Corporation are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof.

WHEREFORE, plaintiff demands judgment:

   (a) That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbrance is subsequently recorded, be forever barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises;

   (b)  That the premises may be decreed to be sold according to law;

   (c) That the amount due to the plaintiff on the promissory note and mortgage may be adjudged;

   (d) That the moneys arising from the sale may be brought into Court;

   (e) That the plaintiff may be paid the amount adjudged to be due to the plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same;

(f)  And that the plaintiff may have such other and further relief as may be just and equitable.

Dated:  Uniondale, New York
/s/ Nicole B. LaBletta
_____
Pincus Law Group, PLLC
425 RXR Plaza
Uniondale, NY 11556
(516) 699-8902 (phone)
(516) 279-6990 (fax)
nlabletta@pincuslaw.co

# EXHIBIT A

Form RD 1940-16
(Rev. 7-05)

Form Approved
OMB No. 0575-0172

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**RURAL HOUSING SERVICE**

## PROMISSORY NOTE

Type of Loan  SECTION 502

**SATISFIED**

Loan No. ▇▇▇▇▇▇▇

This _____ day of _____ ,20 _____
United States of America
By: _____
Title: _____
USDA, Rural Housing Services

Date:  06/02  20 06

181 West North St.
_____
(Property Address)
Ballston Spa _____, Saratoga _____, NY _____
    (City or Town)              (County)         (State)

BORROWER'S PROMISE TO PAY. In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ 145,135.00 (this amount is called "principal"), plus interest.

INTEREST. Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of ____5.7500____ %. The interest rate required by this section is the rate I will pay both before and after any default described below.

PAYMENTS. I agree to pay principal and interest using one of two alternatives indicated below:

   I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____ , _____ shall be added to the principal. The new principal and later accrued interest shall be payable in __396__ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $ _____ , and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

   II. Payments shall not be deferred. I agree to pay principal and interest in ____396____ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the _2nd_ day of each month beginning on ____July 2____ , _2006_ and continuing for _395_ months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on ____June 2____ , _2039_ , I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ _818.77_____ . I will make my monthly payment at the post office address noted on my billing statement _____ or a different place if required by the Government.

PRINCIPAL ADVANCES. If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

HOUSING ACT OF 1949. This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

1

Account #

**LATE CHARGES.** If the Government has not received the full amount of any monthly payment by the end of ___15___days after the date it is due, I will pay a late charge. The amount of the charge will be _____2_____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

**BORROWER'S RIGHT TO PREPAY.** I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

**ASSIGNMENT OF NOTE.** I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

**CREDIT ELSEWHERE CERTIFICATION.** I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

**USE CERTIFICATION.** I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

**LEASE OR SALE OF PROPERTY.** If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

**REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT.** I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

**SUBSIDY REPAYMENT AGREEMENT.** I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

**CREDIT SALE TO NONPROGRAM BORROWER.** The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

**DEFAULT.** If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

2

Account #  ▮▮▮▮▮▮

NOTICES. Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at USDA Rural Housing Service, c/o Customer Service Branch Post Office Box 66889, St. Louis, MO 63166 , or at a different address if I am given a notice of that different address.

OBLIGATIONS OF PERSONS UNDER THIS NOTE. If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

WAIVERS. I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

**WARNING: Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.**

_Paul H Whalen_ Seal
Borrower Paul H Whalen

_Barbara A Whalen_ Seal
Borrower  Barbara A Whalen

_____ Seal
Borrower

_____ Seal
Borrower

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10 )$ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL    $ | |

3

# EXHIBIT B

*Rol Matthew C. Ludemann*
*P.O. Box 2844*
*Glens Falls, NY 12801*

Form RD 3550-14 NY
(Rev. 6-03)

(Space Above This Line For Recording Data)

Form Approved
OMB No. 0575-0172

### United States Department of Agriculture
### Rural Housing Service

## MORTGAGE FOR NEW YORK

THIS MORTGAGE ("Security Instrument") is made on    June 2, 2006    . [Date]
The mortgagor is    **Paul H. Whalen and Barbara A. Whalen**    ("Borrower").
This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center, United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called "Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| 06/02/2006 | $145,135.00 | 06/02/2039 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower irrevocably grants and conveys to Lender the following described property located in the County of    *Saratoga*    , State of New York:

### SEE SCHEDULE A ATTACHED

which has the address of 181 West North Street, Ballston Spa                , New York 12020
                            [Street]                          [City]                          [ZIP]

("Property Address");

According to the Paperwork Reduction Act of 1996, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Page 1 of 6

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges**. Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance**. Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments**. Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (1) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

4. **Charges; Liens**. Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Lender has agreed in writing to such lien or Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

Borrower shall pay to Lender such fees and other charges as may now or hereafter be required by regulations of Lender, and pay or reimburse Lender for all of Lender's fees, costs, and expenses in connection with any full or partial release or subordination of this instrument or any other transaction affecting the Property.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurer providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, at Lender's option Lender may obtain coverage to protect Lender's rights in the Property pursuant to paragraph 7.

All insurance policies and renewals shall be in a form acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within thirty (30) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The thirty (30) day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If after acceleration the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6. **Preservation, Maintenance, and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall maintain the improvements in good repair and make repairs required by Lender. Borrower shall comply with all laws, ordinances, and regulations affecting the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7. **Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender is not required to do so. Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

Page 3 of 6

**8. Refinancing.** If at any time it shall appear to Lender that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes, Borrower will, upon the Lender's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby in full.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured hereby immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower and any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable. This instrument shall be subject to the present regulations of Lender, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

**15. Borrower's Copy.** Borrower acknowledges receipt of one conformed copy of the Note and of this Security Instrument.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is leased for a term greater than three (3) years, leased with an option to purchase, sold, or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this

Page 4 of 6

Security Instrument.

   **17.  Nondiscrimination.**  If Borrower intends to sell or rent the Property or any part of it and has obtained Lender's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower, will refuse to negotiate for the sale or rental of the Property or will otherwise make unavailable or deny the Property to anyone because of race, color, religion, sex, national origin, handicap, age, or familial status, and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on dwelling relating to race, color, religion, sex, national origin, handicap, age or familial status.

   **18.  Sale of Note; Change of Loan Servicer.**  The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower.  A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument.  There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note.  If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law.  The notice will state the name and address of the new Loan Servicer and the address to which payments should be made.

   **19.  Uniform Federal Non-Judicial Foreclosure.**  If a uniform federal non-judicial foreclosure law applicable to foreclosure of this security instrument is enacted, Lender shall have the option to foreclose this instrument in accordance with such federal procedure.

   **20.  Hazardous Substances.**  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the Property.  The preceding sentence shall not apply to the presence, use, or storage on the Property of small quantities of hazardous substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any federal, state, or local environmental law or regulation.

   Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge.  If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations.

   As used in this paragraph "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances:  gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this paragraph, "environmental law" means federal laws and regulations and laws and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

   **21.  Cross Collateralization.**  Default hereunder shall constitute default under any other real estate security instrument held by Lender and executed or assumed by Borrower, and default under any other such security instrument shall constitute default hereunder.

   NON-UNIFORM COVENANTS.  Borrower and Lender further covenant and agree as follows:

   **22.  SHOULD DEFAULT** occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be decreed incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, Lender, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to Lender hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

   **23.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to Lender secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at Lender's option, any other indebtedness of Borrower owing to Lender, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, Lender and its agents may bid and purchase as a stranger and may pay Lender's share of the purchase price by crediting such amount on any debts of Borrower owing to Lender, in the order prescribed above.

   **24.** Borrower agrees that Lender will not be bound by any present or future state laws, (a) providing for valuation, appraisal, homestead or exemption of the Property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c)

prescribing any other statue of limitations, (d) allowing any right of possession or, (e) limiting the conditions which Lender may be regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such state law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

25. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box]

☐ Condominium Rider   ☐ Planned Unit Development Rider   ☐ Other(s) [specify]

Witnesses:

_____

_____

_____ (Seal)
Paul H. Whalen          Borrower

_____ (Seal)
Barbara A. Whalen       Borrower

ACKNOWLEDGMENT

STATE OF NEW YORK      }
                       } SS:
COUNTY OF  WARREN      }

On the  2nd  day of  June  in the year  2006, before me, the undersigned, a notary public in and for said State, personally appeared  Paul H. & Barbara A. Whalen , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person on behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Matthew R. Ludemann
Notary Public - State Of New York
Reg. No. 02LU4829772
Qualified in Warren County
Commission Exp.11/30/__

Page 6 of 6

## SCHEDULE A

ALL THAT CERTAIN PIECE OR PARCEL OF LAND, situate in the Town of Milton, Village of Ballston Spa, County of Saratoga and State of New York, being further bounded and described as follows, to wit:

BEGINNING at an iron rod set in the south line of West North Street at the northwest corner of lands conveyed by Edna Rose Herrick to Arthur L. Herrick and Edna Rose Herrick, his wife, by deed dated July 8, 1959, and recorded in the Saratoga County Clerk's Office in Book 676 of Deeds at Page 102; and running thence S. 13° 00' West, along the west line of said Herrick lot (n/f) for 150.15 feet to an iron rod; thence N 78° 09' West for 49.0 feet to an iron pipe at the southeast corner of lands of Dennis L. Kingsley and Kim Ann Kingsley (n/f); thence N 13° 00' East along the east line of said Kingsley lot for 150.15 feet to an iron pipe in the south line of West North Street; thence South 78° 09' East along the south line of West North Street for 49.0 feet to the point and place of beginning.

The Real Property is or will be improved by a one or two-family residence or dwelling ONLY.  Request for exemption is made pursuant to Section 253(2) of the Tax Law.

**EXHIBIT C**

TRANSCRIPT OF JUDGMENT

JUDGMENT DEBTOR:
CHRISTOPHER B WARD                    AND   STEPHANIE W WARD
181 WEST NORTH STREET                       181 WEST NORTH STREET
BALLSTON SPA NY 12020                       BALLSTON SPA NY 12320

JUDGMENT CREDITOR:
THE SARATOGA HOSPITAL
211 CHURCH STREET
SARATOGA SPRINGS NY 12866

ATTORNEY FOR JUDGMENT CREDITOR:

       JOHN J CROMIE ESQ
       105 LAKE HILL ROAD
       SUITE 11
       BURNT HILLS NY 12027
------------------------------------------------------------
           AMOUNT OF JUDGMENT                   JUDGMENT RENDERED

DAMAGES  $ 12830.56                    COURT:  SARATOGA SPRINGS CITY COURT
COSTS    $ 127.00                      COUNTY:  SARATOGA
                                       INDEX NO: CIVIL 2004-0498
TOTAL    $ 12957.56                    DATE: MAY 11, 2004
                                       HR. & MIN.
                                       ------------------------------
                                           JUDGMENT DOCKETED

                                       DATE: MAY 11, 2004
                                       HR. & MIN.
------------------------------------------------------------
           EXECUTION                   : REMARKS: DATE AND MANNER OF
                                       : CHANGE OF STATUS OF JUDGMENT
WHEN ISSUED:                           :
WHEN RETURNED UNSATISFIED:             :    SATISFIED
                                       : WHEN:
                                       : HOW AND TO WHAT EXTENT:
                                       :
------------------------------------------------------------
STATE OF NEW YORK, COUNTY OF SARATOGA ss.:
    I, ELIZABETH M. THORNHILL, CLERK OF THE SARATOGA SPRINGS CITY COURT, COUNTY
OF SARATOGA, HEREBY CERTIFY THAT THE ABOVE IS A CORRECT TRANSCRIPT FROM THE
DOCKET OF JUDGMENTS IN MY OFFICE.

    IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY NAME AND AFFIXED MY OFFICIAL
SEAL THIS 11 DAY OF MAY, 2004.

                          ELIZABETH M. THORNHILL
                          CHIEF CLERK

CERTIFICATE OF DISPOSITION

JUDGMENT DEBTOR:   CHRISTOPHER B WARD      AND   STEPHANIE W WARD
                   181 WEST NORTH STREET         181 WEST NORTH STREET
                   BALLSTON SPA NY 12020         BALLSTON SPA NY 12020


JUDGMENT CREDITOR: THE SARATOGA HOSPITAL
                   211 CHURCH STREET
                   SARATOGA SPRINGS NY 12866

ATTORNEY FOR JUDGMENT CREDITOR:

    JOHN J CROMIE ESQ
    105 LAKE HILL ROAD
    SUITE 11
    BURNT HILLS NY 12027

-------------------------------------------------------------------
          AMOUNT OF JUDGMENT                    JUDGMENT RENDERED

DAMAGES  $ 12830.56                  COURT:  SARATOGA SPRINGS CITY COURT
COSTS    $ 127.00                    COUNTY:  SARATOGA
                                     INDEX NO: CIVIL 2004-0498
TOTAL    $ 12957.56                  DATE: MAY 11, 2004
                                     HR. & MIN.
                                     ---------------------------
                                            JUDGMENT DOCKETED

                                     DATE: MAY 11, 2004
                                     HR. & MIN.
-------------------------------------------------------------------
          EXECUTION                  : REMARKS: DATE AND MANNER OF
                                     : CHANGE OF STATUS OF JUDGMENT
WHEN ISSUED:                         :
WHEN RETURNED UNSATISFIED:           :    SATISFACTION FILED
                                     : WHEN:  July 12, 2006
                                     : HOW AND TO WHAT EXTENT:  FULLY
-------------------------------------------------------------------

STATE OF NEW YORK, COUNTY OF SARATOGA ss.:
    I, ELIZABETH M. THORNHILL, CLERK OF THE SARATOGA SPRINGS CITY COURT, COUNTY
OF SARATOGA, HEREBY CERTIFY THAT THE ABOVE IS A CORRECT CERTIFCATE OF
DISPOSITION FROM THE DOCKET OF JUDGMENTS IN MY OFFICE.

    IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY NAME AND AFFIXED MY OFFICIAL
SEAL THIS 13 DAY OF JULY, 2006.

                                        _Elizabeth M. Thornhill_
                              _____
                                ELIZABETH M. THORNHILL
                                CHIEF CLERK

## TRANSCRIPT OF JUDGMENT

JUDGMENT DEBTOR:
STEPHANIE W. WARD
314 LOUDEN OAKS, LOT 30
SARATOGA SPRINGS, NY 12866


JUDGMENT CREDITOR:
THE SARATOGA HOSPITAL
211 CHURCH STREET
SARATOGA SPRINGS, NY 12866


ATTORNEY FOR JUDGMENT CREDITOR:

    JOHN J. CROMIE, ESQ.
    ATTORNEY FOR PLAINTIFF
    105 LAKE HILL ROAD, SUITE 11
    BURNT HILLS, NY 12027



2009211540110

**2009008889**
03/03/2009  03:55:44 PM
1 Pages          FILED
TRANSCRIPT
Kathleen A Marchione Saratoga Co Clerk

-------------------------------------------------------------
          AMOUNT OF JUDGMENT              JUDGMENT RENDERED

DAMAGES  $ 353.04                   COURT:  SARATOGA SPRINGS CITY COURT
COSTS    $  52.00                   COUNTY: SARATOGA
                                    INDEX NO: CIVIL 2008-1108
TOTAL    $ 405.04                   DATE: FEBRUARY 18, 2009
                                    HR. & MIN.
                                    ---------------------------
                                          JUDGMENT DOCKETED

                                    DATE: FEBRUARY 18, 2009
                                    HR. & MIN.
-------------------------------------------------------------
          EXECUTION                 : REMARKS: DATE AND MANNER OF
                                    : CHANGE OF STATUS OF JUDGMENT
WHEN ISSUED:                        :
WHEN RETURNED UNSATISFIED:          :      SATISFIED
                                    : WHEN:
                                    : HOW AND TO WHAT EXTENT:
                                    :
-------------------------------------------------------------
STATE OF NEW YORK, COUNTY OF SARATOGA ss.:
    I, ELIZABETH M. THORNHILL, CLERK OF THE SARATOGA SPRINGS CITY COURT, COUNTY
OF SARATOGA, HEREBY CERTIFY THAT THE ABOVE IS A CORRECT TRANSCRIPT FROM THE
DOCKET OF JUDGMENTS IN MY OFFICE.

    IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY NAME AND AFFIXED MY OFFICIAL
SEAL THIS 19 DAY OF FEBRUARY, 2009.

                        *Elizabeth M. Thornhill*
                        ELIZABETH M. THORNHILL
                        CHIEF CLERK

# 𝔗𝔯𝔞𝔫𝔰𝔠𝔯𝔦𝔭𝔱 𝔬𝔣 𝔍𝔲𝔡𝔤𝔪𝔢𝔫𝔱

| JUDGMENT DEBTOR | JUDGMENT CREDITOR |
|---|---|
| CHRISTOPHER AND STEPHANIE WARD<br>30 LOUDEN OAKS<br>314 LOUDEN RD<br>SARATOGA SPRINGS, NY 12866 | LOUDEN OAKS<br>314 LOUDEN RD<br>SARATOGA SPRINGS, NY 12866 |

| AMOUNT OF JUDGMENT | JUDGMENT RENDERED |
|---|---|
| Damages:  $  2550.00<br>Costs:    $   950.00<br>Interest: $     0.00<br>Total:    $  3500.00 | Hon. Gerald A. Worth<br>Wilton Town Court<br>County of Saratoga<br>State of New York<br>Hearing:  07/26/2011 04:00PM<br>Docketed: 07/26/2011  4:00PM |

| REMARKS | ATTORNEY FOR JUDGMENT CREDITOR |
|---|---|
| | MIREILLE D. NITTI, ESQ.<br>562 Maple Avenue<br>P.O. Box 878<br>Saratoga Springs, NY 12866 |

I, Tracey Moran, Court Clerk of the Wilton Town Court, County of Saratoga hereby certify  that the above is a true and correct TRANSCRIPT from the docket of judgments in my office. In testimony whereof, I have hereunto set my name and affixed my official seal.

Dated: April 21, 2014

Tracey Moran, Court Clerk

This is to certify that there are no pending income executions, or garnishee executions, outstanding in the above entitled action.

Dated: 4|22|14

Judgment Creditor



$10.00
2014012877
05/08/2014  09:54:14 AM
1 Pages     FILED
TRANSCRIPT
Saratoga County Clerk

**WARRANT**

NEW YORK STATE DEPARTMENT OF LABOR
UNEMPLOYMENT INSURANCE DIVISION
Commissioner of Labor

Judgment Creditor
-against-

CHRIS WARD
1081 S HIGH ST
SARATOGA        NY    12866

IN REPLYING
REFER TO:
E.R. NUMBER

LAST KNOWN ADDRESS

Judgment Debtor

# THE PEOPLE OF THE STATE OF NEW YORK

TO. **WALLACE BRENNAN**      Tax Compliance Agent  **III**      **SARATOGA**   County. **GREETING:**

WHEREAS, Contributions, interest. re-employment service fund and/or penalties have been found due under the Unemployment Insurance Law (Article 18 of
the Labor Law) of the State of New York as follows:

| PERIOD | CONTRIBUTIONS | RE-EMPLOYMENT SERVICE FUND | RE-EMPLOYMENT SERVICE FUND INTEREST | INTEREST ON CONTRIBUTIONS PREVIOUSLY PAID | PENALTY |
|---|---|---|---|---|---|
| 2000 2Q | 28.85 | 0.55 | | | |
| 2000 3Q | 124.26 | 2.37 | | | |
| 2000 4Q | 146.35 | 2.79 | | | |
| **TOTALS** | **$299.46** | **$5.71** | | | |

Total of all above items                                        **$305.17**

plus interest, as required by law on above unpaid contributions and
re-employment service fund accrued from due dates to:   **07/25/01**                **23.25**

TOTAL    **$328.42**

NOW , THEREFORE, WE COMMAND YOU to file a copy of this warrant within five (5) days after its receipt by you. as provided by Article 18 of the
Labor Law, in the Office of the Clerk of the above County. which Clerk shall enter in the judgment docket the amount of this warrant against said debtor.

AND WE FURTHER COMMAND YOU that you satisfy the said claim of the said Commissioner of Labor for said contributions and re-employment
service fund with interest and penalties to date of payment. and costs of executing this warrant out of the real and personal property of said judgment debtor.
and the debts due said judgment debtor within said county. and return this warrant and pay the money collected within sixty (60) days after the receipt thereof.
to the Department of Labor, Unemployment Insurance Division.

TAKE NOTICE that only the property in which a named judgment debtor who is not deceased has an interest, or the debts owed to him. shall be levied
upon or sold hereunder.

Signed. sealed and issued at Albany. New York.

the          **25TH** day of     **JULY, 2001**

COMMISSIONER OF LABOR

By  *Judy Boshart*

UNEMPLOYMENT INSURANCE DIVISION

IA 182 (1-99)


**New York State Department of**
**Taxation and Finance**
Tax Compliance Division - Coll Vendr Suprt Unit
P O Box 5290
Albany NY 12205-0290


**Warrant**



**Commissioner of Taxation and Finance**

against

| | |
|---|---|
| Judgment Creditor | |

CHRIS WARD
314 LOUDEN ROAD
SARATOGA, NY 12866-5448

| | |
|---|---|
| Judgment Debtor | |
| Last Known Address | |

**Warrant ID:**

■■■■■■■■■

**County of Judgment:**
SARATOGA

**Article of Tax Law:**
22

The people of the state of New York to: C ALBANESE
an officer or employee of the Department of Taxation and Finance: **Whereas**, a tax has been found due to the Commissioner of Taxation and Finance of the **state of New York** imposed by the above noted Article of Tax Law from the debtor named, the nature and amount of which, together with the interest and penalties thereon, are as follows:

| Assessment ID | Period Ending | Tax | Penalty | Interest | Assessment Total |
|---|---|---|---|---|---|
| ■■■■■ | 12/31/00 | $ 217.20 | $ 63.78 | $ 167.88 | $ 448.86 |

200721332497          **2007035453**
                      9/12/2007  10:26:18 AM
                      Page 1 of 1
                      WARRANT (NY STATE TA.
Kathleen A Marchione Saratoga Co Clerk          FILED

**Total amount due ▶** $      448.86

And whereas, said tax, interest and penalties now remain wholly unpaid;

**Now therefore, we command you** to file a copy of this warrant within five days after its receipt by you in the office of the clerk of the county named above, for entry by him in the judgment docket, pursuant to the provisions of the Tax Law.

**And we further command you**, that you satisfy said claim of said **Commissioner of Taxation and Finance** for said tax with penalties and interest out of the real and personal property in said county belonging to said debtor and the debts due to him at the time when said copy of this warrant is so docketed in the office of the clerk of such county or at any time thereafter; and that only the property in which said debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; and return this warrant and pay the money collected, to the Commissioner of Taxation and Finance of the state of New York.

**Levy and collect** total amount due shown above plus accrued interest and any additional penalties provided by law.

Current interest rate 10.00 % per year on $      448.86 from AUGUST  25, 2007.
The interest rate may vary according to the Tax Law.

**Warrant** received at 9 o'clock A.M. on AUGUST  27, 2007.

Issued
By _____ for the Commissioner
        Deputy Tax Commissioner          of Taxation and Finance

DTF-977 (7/95)

(293)7868014-1

2010211646101

20103213   FILED
08/11/2010 03:42:58 PM

INDEX NUMBERS
Kathleen A Marchione Saratoga Co Clerk

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF SARATOGA

------------------------------------------------X

WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK, :     **JUDGMENT**
                                                Plaintiff,   :

                              -against-                      :     EMP#    : 2524200
                                                            :     JUD#    : 731084
CHRISTOPHER B WARD  DBA CB WARD                             :
                                              Defendant(s)   :     INDEX #   : _____
                                                            :
                                                            :     FILING DT: _____
                                                            :
                                                            :
                                                            :
------------------------------------------------X

By order of the Chair of the Workers' Compensation Board of the State of New York, demand for the payment of the sum of $72,000.00, representing Awards and Penalties having been made against the above captioned Defendant(s), after due notice, having defaulted in payment thereof, except the sum of $0.00 leaving $72,000.00 due and payable.

NOW, upon the certified copies of notices attached hereto, and upon motion of the General Counsel of the Workers' Compensation Board of the State of New York, attorney for Plaintiff, pursuant to Section 26 of the Workers' Compensation Law of the State of New York providing for entry of judgment by the County Clerk in event of such default, it is ADJUDGED, that the Plaintiff, Workers' Compensation Board of the State of New York, 20 Park Street, Albany, NY 12207 does recover from the above-captioned Defendant(s), whose last known address(es) are; 314 LOUDEN RD LOT 30, SARATOGA SPGS, NY 12866-6510, respectively;  the sum of $72,000.00, and the Plaintiff have execution therefore.

Judgment signed this: ___11th___ day of _Aug._ , 2010

ENTERED
Kathleen A. Marchione
Clerk
_Kathleen A. Marchione_
Saratoga County Clerk

James R. McGinn, Esq.
Attorney for Plaintiff
Workers' Compensation Board
20 Park St.
Albany, NY  12207

$0.00

2010025388
08/11/2010   03:49:58 PM
1 Pages           FILED
INCOMING JUDGMENTS
Kathleen A Marchione Saratoga Co Clerk

C-45 6/2007

(293)7868014-1

$45.00

2009042041
11/25/2009 11:32:44 AM
1 Pages          FILED
INCOMING JUDGMENTS
Kathleen A Marchione Saratoga Co Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SARATOGA
----------------------------------------------------------------X

TARGET NATIONAL BANK

                     PLAINTIFF,

      -AGAINST-

BARBARA A WHALEN

                 DEFENDANT(S).
----------------------------------------------------------------X

INDEX NUMBER 1833/09
FILE NO. N269685

**JUDGMENT**

| | |
|---|---|
| AMOUNT CLAIMED IN COMPLAINT LESS PAYMENTS ON ACCOUNT ($505.00). . . . . . . | $2,632.78 |
| INTEREST AT 9% FROM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | WAIVED |
| ATTORNEY'S FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | WAIVED |
| | $2,632.78 |

| | | |
|---|---|---|
| Costs by Statute . . . . . . . . . . . . . . . . . . . . | $200.00 | |
| Service of Summons and Complaint . . . . | $40.00 | |
| Fee for Index Number. . . . . . . . . . . . . . . | $210.00 | |
| Prospective Execution Fee . . . . . . . . . . . | $22.50 | |
| Costs taxed at | | $472.50 |
| | Total . . . . . . | $3,105.28 |

STATE OF NEW YORK, COUNTY OF NASSAU

    The undersigned, an attorney at law of the State of New York, the attorney(s) of record for the Plaintiff(s) herein, subscribes and affirms under penalties of perjury, that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount;

    Plaintiff is entitled to enter judgment against the Defendant by reason of Defendant's failure to pay, on 10/27/09, the amount due pursuant to the terms of the annexed stipulation and the expiration of any grace period provided therein. Defendant has paid $505.00 as of the date hereof. Defendant was provided with written notice of said default on 10/29/09, and Defendant has failed to cure same by making the payments due pursuant to the stipulation.

    Pursuant to affidavits of service on file herein, deponent alleged that defendant(s) are not in the military service.

Dated: November 13, 2009

                         COHEN & SLAMOWITZ, LLP
                         DAVID A. COHEN, ESQ./MITCHELL SLAMOWITZ, ESQ.
                         199 CROSSWAYS PARK DRIVE, WOODBURY, NY 11797
                         (516) 364-6006

JUDGMENT ENTERED ON: _11/25/09_

    ADJUDGED that TARGET NATIONAL BANK, Plaintiff, with offices at 3701 WAYZATA BLVD, MINNEAPOLIS, MN, 55416, recover of
BARBARA A WHALEN, Defendant, residing at 181 W NORTH ST, BALLSTON SPA NY 12020-1038, the sum of $2,632.78 with interest of $.00, making a total of $2,632.78, together with costs and disbursements of $472.50, amounting in all to the sum of $3,105.28, and that the Plaintiff(s) have execution therefor.

                              ENTERED
                            Kathleen A. Marchione
           CLERK
                            Kathleen A Marchione
                            Saratoga County Clerk

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF SARATOGA

LVNV FUNDING LLC
Plaintiff's Address:
15 SOUTH MAIN STREET SUITE 500
GREENVILLE, SC 29601

Index No. 20141348

against

Plaintiff

**JUDGMENT ON
STIPULATION DEFAULT**

BARBARA A WHALEN
181 W NORTH ST
BALLSTON SPA, NY 12020

Defendant(s)

| | | |
|---|---|---|
| Amount claimed in complaint | $ | 1698.34 |
| Less Attorney fees claimed [**waived**] | $ | 0.00 |
| Less Payments Made | $ | -375.00 |
| | | |
| (Suit Amount Less Payments) | $ | 1323.34 |
| Interest @ 9% on $1323.34 from 07-12-2009 | $ | 592.24 |
| | | |
| Sub Total (Suit Amount and Interest Less Payments) | $ | 1915.58 |

| | | | |
|---|---|---|---|
| Costs By Statute | $200.00 | | |
| Service Of Summons & Complaint | $ 5.00 | | |
| Non-Military Affadavit | $ 5.00 | | |
| Stipulation Filing Fee | $ 35.00 | | |
| Index Number | $210.00 | | |
| Total Fees | | $ | 455.00 |

| | | |
|---|---|---|
| Total | $ | 2370.58 |

STATE OF NEW YORK - COUNTY OF NEW YORK SS:

   DAVID WALDMAN, a partner of the firm Mel S Harris And Associates, LLC- ATTORNEYS OF RECORD for the plaintiff in the above entitled action states that the disbursements above specified have been or will necessarily be made or incurred therein and are reasonable in amount; that said defendant(s) BARBARA A WHALEN   has appeared and entered into a **STIPULATION OF PAYMENT** and having defaulted upon the terms thereof, plaintiff is entitled to judgment as provided therein, and due notice of default in payment was given to defendant(s); This action is against a natural person based on non-payment of a contractual obligation.

The undersigned affirms this statement to be true under the penalties of perjury.

Dated: New York, N.Y.: 07-01-2014

_Mculd_

BY: DAVID WALDMAN
**Mel S Harris And Associates, LLC**
**Attorneys for plaintiff**
**5 Hanover Square 8FL, New York, NY 10004 Tel: (212) 571-4900**

$45.00

**2014033988**
11/18/2014   12 18 02 PM
2 Pages       FILED
INCOMING JUDGMENTS
Saratoga County Clerk

Judgment is rendered in favor of LVNV FUNDING LLC residing at 15 SOUTH MAIN STREET SUITE 500 GREENVILLE, SC 29601, against BARBARA A WHALEN , whose respective address(s) is/are 181 W NORTH ST BALLSTON SPA, NY 12020 in the sum of $1323.34 with interest of $592.24 and with the sum of $455.00 costs and disbursements, amounting in all to the sum of $2370.58 and it is adjudged that the plaintiff have execution therefor. ENTERED

JUDGMENT ENTERED ON:_____ **Craig A. Hayner** CLERK ___ 11 - 18 - 2014

_Craig A. Hay___

**Saratoga County Clerk**



Index No: 20141348

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF SARATOGA

LVNV FUNDING LLC

               Plaintiff,

      -AGAINST-

BARBARA A WHALEN

               Defendant(s),

## JUDGMENT ON STIPULATION DEFAULT

Dated,  New York, NY
      11/12/2014

                           Signature (Rule 130-1.1-a(b))

DAVID WALDMAN
Mel S. Harris and Associates, L.L.C.
Attorneys for Plaintiff
5 Hanover Square 8th Floor
New York, NY 10004
(212)571-4900

# TRANSCRIPT OF JUDGMENT

## JUDGMENT CREDITOR

| Name (or Business Name) and Address | Creditor's Attorney (Name, Address) |
|---|---|
| WHITE BIRCH ESTATES<br>16 WHITE BIRCH ESTATES<br>FORT EDWARD, NY 12828 | John Wright<br>P O Box 2168<br>One Washington St<br>Glens Falls, NY 12801 |

## JUDGMENT DEBTOR

Name and Last Known Address

Barbara Whalen
343 Reynolds Rd., Lot 205
Fort Edward, NY 12828



$10.00

**2017003472**
01/31/2017   03:09:52 PM
1 Pages       FILED
TRANSCRIPT
Saratoga County Clerk

## AMOUNT OF JUDGMENT

| | REMARKS |
|---|---|
| Damages: $3605.14 )   **TOTAL**<br>Costs: $32.00 )    **$ 3637.14**<br>Interest: $0.00 ) | |

## Judgment Rendered/Clerk's Seal

| | STATE OF NEW YORK<br>COUNTY OF SARATOGA |
|---|---|
| Hon. Jeffrey B. McCabe<br>Moreau Town Court<br>County of Saratoga<br>State of New York<br>Hearing: 11/17/2016, 02:00PM<br>Docketed: 11/17/2016, 3:00PM<br>Docket #: 16110057 | I, **Jennifer Miller,Court Clerk** , of the Moreau Town Court, hereby certify that this is a true and correct TRANSCRIPT from the docket of judgments in my office.<br><br>IN TESTIMONY WHEREOF, I have hereunto set my name (and affixed my Official Seal) this 20th day of January 2017.<br><br>Court Clerk |

SUPREME COURT OF THE STATE OF NEW YORK          Index No: 20171622
County of SARATOGA                              Account No:
----------------------------------------x       Our File No.: ████████
CAPITAL ONE BANK (USA), N.A.
                                                JUDGMENT
                              Plaintiff,
          -against-                             Plaintiff's Address:
BARBARA J WHALEN                                15000 Capital One Dr.
                                                Richmond VA 23238
                         Defendant(s)
----------------------------------------x
Amount Claimed in Complaint (less credits of $    .00 ).$  2662.54
Attorney Fees (Waived in the amount of $    .00 ).......$       .00
Interest from Date of Complaint (Waived    ).............$      .00
TOTAL.......................................................$  2662.54
Costs by Statute............................................$    .00
Service of Summons and Complaint............................$   25.00
Filing of Summons and Complaint.............................$  140.00
Prospective Execution Fees..................................$    .00
Military Service Affidavit..................................$    .00
TOTAL COSTS...............................................$      165.00
TOTAL JUDGMENT AMOUNT.....................................$     2827.54
ATTORNEY'S AFFIRMATION-STATE OF NEW YORK -COUNTY OF NASSAU
The undersigned Attorney at Law of New York State, affirms the following to be
true under the penalties of perjury:
     The Defendant(s) have failed to answer or appear and the time to
do so having expired, Plaintiff is entitled to judgment by default.  The
disbursements herein specified have been or will necessarily be incurred and are
reasonable in amount. Pursuant to affidavits of service on file herein, deponent
alleges that Defendant(s) are not in the military service.
     A copy of the summons was mailed to Defendant(s) by first class mail
postage paid (CPLR 3215) on 08/22/17 which is at least 20 days prior to the
entry of the judgment. The summons was sent to Defendant(s) place of residence
in an envelope bearing the legend "personal & confidential" and not indicating
on the outside of the envelope that the communication was from an attorney
or that it concerned an alleged debt.
Dated: 09/12/17
                                        Adam Hughes/ Dana Arrick

JUDGMENT rendered in favor of Plaintiff:
CAPITAL ONE BANK (USA), N.A.
15000 Capital One Dr.
Richmond VA 23238
against the following Defendant(s):
BARBARA J WHALEN 1681 ROUTE 9 SOUTH GLENS FAL NY 12803
As herein above computed the TOTAL JUDGMENT AMOUNT is $ 2827.54
and it is ADJUDGED that Plaintiff have execution therefor.      ENTERED
                                        Dated:        Craig A. Hayner

                              10-2-17          Clerk
                                                     Saratoga County Clerk
Malen & Associates, p.c. 123 Frost Street, Suite 203, Westbury, NY 11590 (516) 334-3500
This is an attempt to collect a debt, any information obtained shall be used for
that purpose. We are a Debt Collector.

$45.00     2017031128
           10/02/2017   08:28:57 AM
           1 Pages    FILED
           INCOMING JUDGMENTS
           Saratoga County Clerk



**SARATOGA COUNTY – STATE OF NEW YORK**
KATHLEEN A. MARCHIONE, COUNTY CLERK
40 MCMASTER STREET, BALLSTON SPA, NY 12020

**COUNTY CLERK'S RECORDING PAGE**
***THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH***



RECEIPT NO. : 2012211796863

```
Clerk:      JR
Instr #:    2012041254
Rec Date:   11/02/2012 11:22:41 AM
Doc Grp:    X
Descrip:    MORTGAGE
Num Pgs:    12

Party1:     WHALEN PAUL A
Party2:     BALLSTON SPA VILLAGE OF
Town:       MILTON
```

```
Recording:

Pages                          55.00
Cover Sheet Fee                 5.00
Recording Fee                  20.00
Education Fee                  20.00
Names                           0.50
255 Affidavit                   5.00
                              _____
Sub Total:                    105.50

Basic Tax Amount                0.00
SONYMA Tax Amount               0.00
CDTA Tax Amount                 0.00
                              _____
Sub Total:                      0.00

                              _____
Total:                        105.50
**** NOTICE: THIS IS NOT A BILL ****

***** Mortgage Tax *****
Serial #:    DD-6877
Calc Method: Exempt
Mtg Amt:    20680.00

Basic                0.00
SONYMA               0.00
CDTA                 0.00
                   _____
Total:               0.00
```

```
Record and Return To:


VILLAGE OF BALLSTON SPA
GRANT OFFICE
66 FRONT STREET
BALLSTON SPA NY 12020
```

2012211796663

**2012041254**
11/02/2012   11:22:41 AM
12 Pages          RECORDED
MORTGAGE

Kathleen A Marchione Saratoga Co Clerk

Paul A. and Barbara A. Whalen

and

VILLAGE OF BALLSTON SPA

MORTGAGE

DATED AS July 6, 2010

This instrument affects real and personal property situated in the State of New York, 203.62-2-6, County of Saratoga, Village of Ballston Spa, commonly known as **181 West North Street.**

RECORD AND RETURN TO:

Village of Ballston Spa
Grant Office
66 Front Street
Ballston Spa, NY 12020

MORTGAGE

THIS MORTGAGE, made on July 5, 2010 between Paul A. and Barbara A. Whalen, having a principal residence at 181 West North Street ("Mortgagor") and the VILLAGE OF BALLSTON SPA, a Municipal Corporation organized under the laws of New York  with an office at 66 Front Street, Ballston Spa, NY 12020 ("Mortgagee").

This Mortgage is made to secure payment of a debt ("the Loan") of the Mortgagor to the Mortgagee for TWENTY THOUSAND SIX HUNDRED EIGHTY AND 00/100  DOLLARS ($20,680.00), payable according to and in the manner set forth in the Note executed by the Mortgagor this date in that amount (the "Note").  This Mortgage also secures the Mortgagor's performance and observance of all the provisions, obligations and covenants under this and other instruments delivered in connection with the debt evidenced by the Note which is hereby incorporated by this reference into this Mortgage as if fully set forth herein, this Mortgage and such other documents being hereinafter collectively referred to as the "Award Documents".

NOW THEREFORE, in consideration of the Loan, Mortgagor hereby mortgages the property located in the Village of Ballston Spa, County of Saratoga, and State of New York more particularly described in the annexed Schedule A.

TOGETHER with all the improvements, buildings and appurtenances now or hereafter erected on the property, and all easements, rents, royalties, rights in and to any land lying in the streets and ways adjacent thereto, mineral, oil and gas rights and profits, water, water rights, and water stock, all leasehold rights of any kind, now or hereafter obtained and all fixtures now or hereafter attached to or used in connection with the property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, natural gas, water, air and light; but not including household furniture; all of which including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all payments at any time owing or due to the Mortgagor by virtue of any sale, lease, transfer, conveyance or condemnation of any part thereof or interest therein including

## MORTGAGE - Page No. 2

proceeds of insurance all of which are herein collectively referred to as the "Mortgaged Property".

TO HAVE AND TO HOLD UNTO the Mortgagee, its successors and assigns forever.

### PRIMARY COVENANT

Mortgagor will maintain the Mortgaged Property for the benefit and occupancy of low-income persons as defined in Subtitle A of Title II of the National Affordable Housing Act of 1990 as may be amended from time to time and the rules and regulations promulgated thereunder as may be amended from time to time.

# PART I
## ARTICLE I
### COVENANTS OF THE MORTGAGOR

Section 1.01

Mortgagor will punctually pay such sums as become due under the Note at the time and place and in the manner specified in the Note.

Section 1.02

The Loan is subject to the trust fund provisions of Section 13 of the New York Lien Law.

### ARTICLE II
### EVENTS OF DEFAULT AND REMEDIES

Section 2.01

In addition to other Events of Default provided in this Mortgage, the following shall be an Event of Default:

(a) If the Mortgagor ceases to reside at the mortgaged property as the Mortgagor's principal residence.

(b) If the Mortgagor sells or otherwise transfers title to any person who is not eligible to participate in the HOME Program.

**MORTGAGE - Page No. 3**

(c) If default shall be made in the payment of any amount due under the Note and such default shall have continued for a period of fifteen (15) days.

Section 2.02

In addition to other remedies provided in this Mortgage, upon the occurrence of any Event of Default, the Mortgagee may accelerate the entire principal of the Note then outstanding and charges by declaring it to be immediately due and payable, and demand full payment thereof.

Section 2.03

The proceeds of any foreclosure sale shall be applied in the following order of priority:

(a)     To the payment of the costs and expenses of such sale, including reasonable compensation to Mortgagee, its agents and counsel, and any judicial proceedings, the expenses of any receiver, and of all expenses, liabilities and advances made or incurred by Mortgagee under this Mortgage, including the costs of taking possession of, maintaining and preserving the Mortgaged Property, and of completing construction of the Mortgaged Property, and all taxes or assessments, except any taxes, assessments or other charge subject to which the Mortgaged Property shall have been sold.

(b)     To the payment of the whole amount then due, owing or unpaid upon the Note and penalty.

(c)     To the payment of the surplus, if any, to the Mortgagee.

## PART II

### ARTICLE I
### COVENANTS OF THE MORTGAGOR

Section 1.01

Mortgagor represents and warrants that it has good and marketable title to the Mortgaged Property, subject to no lien, charge or encumbrance except a first mortgage by the USDA Rural Development, the Award Documents and easements and restrictions of record, and that this Mortgage is and will remain a valid and enforceable  lien on the Mortgaged Property subject only to the exceptions referred to herein.  At its own cost and without expense to Mortgagee,

**MORTGAGE - Page No. 4**

mortgagor will preserve such title, and will defend the validity and priority of the lien hereof against the claims of any and all other persons. **This Mortgage is subordinate to the mortgage held by the <u>USDA Rural Development</u> (the " First Mortgagee"), recorded in the Saratoga County Clerk's Office (the "First Mortgage").**

<u>Section 1.02</u>

Mortgagor will pay, when due, all taxes, assessments, water rates and sewer rents, and all other public charges imposed against the Mortgaged Property. Mortgagor will, upon the request of Mortgagee, deliver to Mortgagee receipts evidencing such payments.

<u>Section 1.03</u>

Mortgagor will keep the Mortgaged Property insured at all times against loss by fire, casualty and such other hazards as may be required by Mortgagee for the benefit of the Mortgagee. Loss payments under all such insurance policies shall be payable to Mortgagee and such policies shall contain a standard New York Mortgagee endorsement.

<u>Section 1.04</u>

Mortgagor will, at all times, maintain the Mortgaged Property in good operating order and condition and will promptly make, from time to time, all necessary or desirable repairs, renewals, replacements, additions, and improvements. The Mortgaged Property shall not be removed, demolished or altered without the prior written consent of Mortgagee.

<u>Section 1.05</u>

Mortgagor will comply with all the laws, ordinances and regulations affecting the Mortgaged Property and the conduct of Mortgagor's business operations.

ARTICLE II

<u>EVENTS OF DEFAULT AND REMEDIES</u>

<u>Section 2.01</u>

If one or more of the following Events of Default shall happen:

(a)     if default shall be made in the payment of any tax or other obligation required by Section 1.02 to be paid; or

## MORTGAGE - Page No. 5

(b)     if default shall be made in the due observance or performance of any other covenant or condition on the part of Mortgagor contained in the Award Documents, and such default shall have continued for a period of thirty (30) days (unless a shorter cure period is provided for therein) after written notice specifying such default and demanding that the same be remedied shall have been given to Mortgagor by Mortgagee (or if such default cannot with due diligence be cured within such period, Mortgagor shall have failed to commence to cure within such period, or having commenced, shall thereafter fail to prosecute and complete such cure with due diligence) (the notice and cure provisions given under the default provisions of the Award Documents shall satisfy the notice and cure provisions of this section); or

(c)     if Mortgagor shall make an assignment for the benefit of creditors, or shall institute any proceeding seeking relief on its behalf as debtor, or it is adjudicated bankrupt or insolvent, or

(d)     if the Mortgaged Property shall be sold, conveyed or otherwise transferred or encumbered, or if there is a transfer of controlling interest in Mortgagor, without the prior written consent of the Mortgagee;

then and in every such case, upon the occurrence of any such Event of Default:

(i)     Upon notice to Mortgagor, Mortgagee may enter into and upon the Mortgaged Property, and may exclude Mortgagor; and may sell, use, operate, manage and control the Mortgaged Property and conduct the business thereof; and upon every such entry, Mortgagee at the expense of the Mortgagor, may

(a) make all necessary or proper repairs, renewals and replacements and such useful alterations, additions, betterments and improvements thereto and thereon as to it may seem advisable, and

(b) complete the construction of the Mortgaged Property and take such other actions set forth in the Award Documents and Mortgagee shall be entitled to collect and receive any and all income of the Mortgaged Property; and after deducting the expenses of conducting the business thereof and of all maintenance and improvements and amounts necessary to pay for taxes, assessments, insurance or other proper charges upon Mortgaged Property, as well as all costs and expenses of, and reasonable compensation for the services of, Mortgagee or their

## MORTGAGE - Page No. 6

attorneys, contractors, agents and employees, Mortgagee shall apply such income first, to the payment of the principal of the Note, the charges thereon, and second, to the payment of any other sums required to be paid by Mortgagor under the Note and under this Mortgage. No such entry or action by Mortgagee shall create any liability to Mortgagor or to any party holding under or claiming through Mortgagor, nor shall such entry or action be deemed an eviction of any lessee of the Mortgaged Property or any part thereof; or

(ii) With or without entry, Mortgagee may institute proceedings for the foreclosure of this Mortgage; or

(iii) Mortgagee may take such steps to protect and enforce its rights whether by action, suit or proceeding in equity or at law for the specific performance of any covenant, condition or agreement in the Award Documents and this Mortgage, or in aid of the execution of any power herein or therein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedy as Mortgagee shall elect; or

(iv) Mortgagee may pay any and all taxes due and owing on the property and any and all payments due on any other mortgages, liens or other claims affecting the property; said expenditures shall be at the expense of the Mortgagor and secured by this Mortgage.

Section 2.02

Upon any sale made under or by virtue of this Article II, judicial proceedings or of a judgment or decree of foreclosure and sale, Mortgagee may bid for and acquire the Mortgaged Property or any part thereof and may credit to the purchase price the amount required to be paid by Mortgagor to the Mortgagee and secured by this Mortgage, the expenses of the sale, the costs of the action and any other sums which Mortgagee is authorized to collect under this Mortgage.

Section 2.03

No remedy herein conferred upon or reserved to Mortgagee is intended to be exclusive of any other remedy or remedies, and each and every such remedy shall be cumulative, and shall be in addition to every other remedy given under the Award Documents or hereunder or now or hereafter existing at law or in equity. No delay or failure of Mortgagee to exercise any right, power or remedy hereunder or under the Award Documents shall impair any such remedy of

**MORTGAGE - Page No. 7**

Mortgagee or shall be construed to be a waiver thereof.  No waiver of any breach shall constitute a waiver of any other then existing or subsequent breach.

Section 2.04

      After the happening of any Event of Default and during its continuance, Mortgagee shall be entitled to the appointment of a receiver of the Mortgaged Property and of any and all the income thereof.

Section 2.05

      Notwithstanding any agreement, representation, warranty or undertaking in this Mortgage or the Award Documents, it is agreed that neither Mortgagee nor any successor or assign of the Mortgagee, nor any other person shall have any claim to proceed personally against Mortgagor or any other person having an interest in the Mortgaged Property, or any assignee, successor, heir or representative of any of the foregoing, for any deficiency or any other sum owing by virtue of this Mortgage, the Note or the Award Documents or for any obligation or liability hereto or thereunder, and Mortgagee for itself and any successor Mortgagee waives and releases such personal liability and agrees to look solely to the Mortgaged Property and the project for any sums due with respect to this Mortgage, the Note and the Award Documents.

## ARTICLE III

### MISCELLANEOUS

Section 3.01

      In the event any one or more of the provisions contained in this Mortgage or the Award Documents, shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Mortgage, but this Mortgage shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein or therein.

Section 3.02

      All notices hereunder shall be in writing and shall be deemed to have been sufficiently given or served for all purposes when sent by certified or registered mail, return receipt requested, to the address herein set forth, or at such other address of which the party to receive

**MORTGAGE - Page No. 8**

such notice shall have notified the party giving such notice in writing except that any notice of such a change of address shall be deemed given when it is received.

Section 3.03

All the grants, covenants, terms, provisions and conditions herein shall run with the land, shall apply to and bind the successors and assigns of Mortgagor and all subsequent owners, encumbrancers and tenants of the Mortgaged Property, and shall inure to the benefit of the successors and assigns of Mortgagee and all subsequent holders of this Mortgage.

Section 3.04

This Mortgage shall be construed and enforced in accordance with and shall be governed by the laws of the State of New York.

Section 3.05

This Mortgage may be amended, discharged or terminated only by a written instrument executed by Mortgagee and Mortgagor.

IN WITNESS WHEREOF, this Mortgage has been duly executed by Mortgagor as of the date first written above.

PAUL A. AND BARBARA A. WHALEN

Paul Whalen

Barbara whalen

**MORTGAGE - Page No. 9**

STATE OF NEW YORK    )
                        ) SS.:
COUNTY OF SARATOGA )

On *August 2, 2010*, before me, the undersigned, a Notary Public in and for said State, personally appeared , as of Paul A. Whalen personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

THERESA L. ZAYAC
Notary Public, State of New York
No. 01ZA6177731
Qualified in Saratoga County
My Commission Expires 11-14-2011

STATE OF NEW YORK    )
                        ) SS.:
COUNTY OF SARATOGA )

On *August 2, 2010*, before me, the undersigned, a Notary Public in and for said State, personally appeared, as of Barbara A. Whalen personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

THERESA L. ZAYAC
Notary Public, State of New York
No. 01ZA6177731
Qualified in Saratoga County
My Commission Expires 11-14-2011

**MORTGAGE - Page No. 10**

### SCHEDULE A (PROPERTY DESCRIPTION)

ALL THAT CERTAIN PIECE OF PARCEL OF LAND, situate in the Town of Milton, Village of Ballston Spa, County of Saratoga and State of New York, being further bounded and described as follows, to wit:

BEGINNING at an iron rod set in the south line of West North Street at the northwest corner of lands conveyed by Edna Rose Herrick to Arthur L. Herrick and Edna Rose Herrick, his wife, by deed dated July 8, 1959, and recorded in the Saratoga County Clerk's Office in Book 676 of Deeds at Page 102; and running thence S. 13°00' West along the west line of said Herrick lot (n/f) for 150.15 feet to an iron rod; thence N 78°09' West for 49.0 feet to an iron rod pipe at the southeast corner of lands of Dennis L. Kingsley and Kim Ann Kingsley (n/f); thence N 13°00' East along the east line of said Kingsley lot for 150.15 feet to an iron pipe in the south line of West North Street; thence South 78°09' East along the south line of West North Street for 49.0 feet to the point and place of beginning.

EXHIBIT D



**USDA**   United States Department of Agriculture

Certified Mail #70121640000042787757

August 3, 2018

Paul Whalen
181 West North Street
Ballston SPA, NY 12020

YOU MAY BE AT RISK OF FORECLOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY.

As of 08/03/2018, your home loan is 427 days and $17,411.06 dollars in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.  Attached to this notice is a list of
government approved housing counseling agencies in your area which provide free
counseling. You can also call the NYS Office of the Attorney General's
Homeowner Protection Program (HOPP) toll-free consumer hotline to be
connected to free housing counseling services in your area at 1-855-HOME-456
(1-855-466-3456), or visit their website at http://www.aghomehelp.com/. A
statewide listing by county is also available at
https://www.dfs.ny.gov/consumer/mortg_nys_np_counseling_agencies.htm
Qualified free help is available; watch out for companies or people who charge a
fee for these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage

**Rural Development • New York State Office**
**Single Family Housing Division**
441 South Salina Street, Suite 357 • Syracuse, NY 13202
Voice (315) 477-6423 • Fax (855) 477-8531 • TDD 800-421-1220 (711)

USDA is an equal opportunity provider, employer, and lender.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form (AD-3027), found online
at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter
containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture,
Director, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or
email at program.intake@usda.gov.

payments and can help you find the best option for your situation. If you wish, you may also contact us directly at 315-477-6416 and ask to discuss possible options.

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-888-995-4673 or visit the Department's website at www.sfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings.  This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Sincerely,


Jennifer Jackson
Single Family Housing Program Director

## <u>Help for Homeowners in Foreclosure</u>

New York State Law requires that we send you this notice about the foreclosure process. Please read it carefully.

### Summons and Complaint

You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home. Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

### Sources of Information and Assistance

The State encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process.

To locate an entity near you, you may call the toll-free helpline maintained by the New York State Department of Financial Services at (800) 342-3736 or visit the Department's website at www.dfs.ny.gov.

### RIGHTS AND OBLIGATIONS

YOU ARE NOT REQUIRED TO LEAVE YOUR HOME AT THIS TIME. YOU HAVE THE RIGHT TO STAY IN YOUR HOME DURING THE FORECLOSURE PROCESS. YOU ARE NOT REQUIRED TO LEAVE YOUR HOME UNLESS AND UNTIL YOUR PROPERTY IS SOLD AT AUCTION PURSUANT TO A JUDGMENT OF FORECLOSURE AND SALE. REGARDLESS OF WHETHER YOU CHOOSE TO REMAIN IN YOUR HOME, YOU ARE REQUIRED TO TAKE CARE OF YOUR PROPERTY AND PAY PROPERTY TAXES IN ACCORDANCE WITH STATE AND LOCAL LAW.

### Foreclosure Rescue Scams

Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

Case 1:19-cv-00849-TJM-ATB   Document 1   Filed 07/16/19   Page 49 of 59

5/25/2018          New York State Non-Profit Housing Counseling Agencies Providing Services to Homeowners in Default and Foreclosure - Statewide Listi...

 SECURE PORTAL

| Search DFS | | Search |

## New York State Non-Profit Housing Counseling Agencies Providing Services to Homeowners in Default and Foreclosure - Statewide Listing by County

### Compiled by the Empire Justice Center (Updated May 7, 2018)

| COUNTY | AGENCY | ADDRESS | CONTACT INFO | NOTES |
|---|---|---|---|---|
| Albany | Affordable Housing Partnership | 255 Orange St., Albany, NY  12210 | 518-434-1730 | HOPP<br><br>Also serves surrounding areas |
|  | Albany County Rural Housing Alliance | 24 Martin Road, Voorheesville, NY 12186 | 518-765-2425 | HOPP<br><br>Also serves surrounding areas |
|  | United Tenants of Albany | 255 Orange St., Albany, NY  12210 | 518-436-8997 | HOPP<br><br>For tenants whose buildings are in the process of foreclosure or have been foreclosed on |
|  | Better Neighborhoods, Inc. | 120 Emmons St., Schenectady, NY 12304 | 518-372-6469 | HOPP<br><br>Spanish speaking staff available |
| Allegany | ACCORD | 84 Schuyler St., Belmont, NY  14813 | 585-268-7605 | HOPP |
|  | Neighborhood Housing Services of Buffalo | 1937 South Park Ave.  Buffalo, NY  14220 | 716-823-3630 | Also serving surrounding counties |
| Bronx | The Bronx Neighborhood Housing Services CDC, Inc. | 1451 East Gun Hill Rd., Bronx, NY 10469 | 718-881-1180 | HOPP<br><br>Spanish speaking staff available |
|  | MHANY Management, Inc. | 1 Metro Tech Center North 11th Floor, Brooklyn, NY  11201 | 718-246-8080 ext 203 | HOPP<br><br>Spanish, Italian, Greek, and Haitian Creole speaking staff available |
|  | Housing and Family Services of Greater New York, Inc. | 415 Albemarle Rd., Brooklyn, NY 11218 | 718-435-7585 | HOPP<br><br>Spanish, Russian, Cantonese, Mandarin, Patois, Haitian Creole, and |

| | Catholic Charities of Chemung | 215 East Church St., Suite 101, Elmira, NY 14901 | 607-734-9784 | HOPP |
|---|---|---|---|---|
| Chenango | Metro Interfaith Housing Management Corp. | 21 New St., Binghamton, NY 13903 | 607-772-2766 | HOPP |
| Clinton | Friends of the North Country | 1 Mill St., Keeseville, NY 12944 | 518-834-9606 | HOPP |
| | Housing Assistance Program of Essex County (HAPEC) | 103 Hand Ave., Elizabethtown, NY 12932 | 518-873-6888 | HOPP |
| Columbia | Galvan Housing Resources | 252 Columbia St., Hudson, NY 12534 | 518-822-0707 | HOPP |
| Cortland | Home Headquarters, Inc. | 538 Erie Blvd West, Syracuse NY 13204 | 315-474-1939 | HOPP<br><br>Spanish speaking staff available |
| | Cortland Housing Assistance Council, Inc. | 36 Taylor St. Cortland, NY 13045 | 607-753-8271 | |
| Delaware | Western Catskills Community Revitilization Council | 125 Main St., Suite A, Stamford, NY 12167 | 607-652-2823 | HOPP |
| | RUPCO | 301 Fair St. Kingston, NY 12401 | 845-331-9860 | HOPP<br><br>Spanish speaking staff available |
| | Delaware Opportunities, Inc. | 35430 State Hgwy. 10 Hamden, NY 13782 | 607-746-1650 | |
| Dutchess | Hudson River Housing | 291 Mill St Poughkeepsie, NY 12601 | 845-454-9288 | HOPP |
| | Putnam County Housing Corp. | 11 Seminary Hill Rd., Carmel, NY 10512 | 845-225-8493 | HOPP<br><br>Serving Southern section of county |
| Erie | Belmont Housing Resources | 1195 Main St. Buffalo, NY 14209 | 716-884-7791 | HOPP |
| | West Side NHS, Inc. | 359 Connecticut St., Buffalo, NY 14213 | Tuesdays and Wednesdays at (716) 885-2344, Thursdays and Fridays at (716) 877-3910 | HOPP |
| | Buffalo Urban | 15 Genesee Street | (716) 250- | HOPP |

5/25/2018    New York State Non-Profit Housing Counseling Agencies Providing Services to Homeowners in Default and Foreclosure - Statewide Listi...

| | | | | |
|---|---|---|---|---|
| | Consumer Credit Counseling Services of Buffalo, Inc. | 40 Gardenville Parkway, Suite 300, West Seneca, NY 14224 | 1-800-926-9685<br><br>or<br><br>716-712-2060 | |
| Greene | Albany County Rural Housing Alliance | 24 Martin Road, Voorheesville, NY  12186 | 518-765-2425 | HOPP |
| | RUPCO | 301 Fair St. Kingston, NY 12401 | 845-331-9860 | HOPP<br><br>Spanish speaking staff available |
| | Western Catskills Community Revitilization Council | 125 Main St., Suite A, Stamford, NY 12167 | 607-652-2823 | HOPP |
| Hamilton | Housing Assistance Program of Essex County (HAPEC) | 103 Hand Ave., Elizabethtown, NY 12932 | 518-873-6888 | HOPP |
| Herkimer | UNHS NeighborWorks Homeownership Center | 1611 Genesee Street, Utica, NY 13501 | 315-724-4197 | HOPP |
| Jefferson | Home Headquarters, Inc. | 538 Erie Blvd West, Syracuse NY 13204 | 315-474-1939 | HOPP<br><br>Spanish speaking staff available |
| | Clearpoint, a division of Money Management International | 215 Washington St. Suite 005, Watertown, NY 13601 | 713.394.3232 | |
| Kings | Cypress Hills Local Dev. Corp. | Main Office: 625 Jamaica Avenue, Brooklyn, NY 11208<br>Housing Counseling Division: 3214 Fulton Street, Brooklyn, NY 11208 | 718-647-8100 | HOPP<br><br>Spanish and French speaking staff available |
| | IMPACCT Brooklyn | 1000 Dean St., Suite 420, Brooklyn, NY 11238 | 718-522-2613 | HOPP<br><br>Spanish speaking staff available |
| | Grow Brooklyn, Inc. | 1474 Myrtle Ave., Brooklyn, NY 11237 | 718-418-8232 | HOPP<br><br>Spanish speaking staff available |
| | Bridge Street Dev. Corp. | 460 Nostrand Ave., Brooklyn, NY 11216 | 718-636-7596 | HOPP<br><br>Spanish speaking staff available |
| | MHANY Management, Inc. | 1 Metro Tech Center North, 11th Floor, Brooklyn, NY  11201 | 718-246-8080 | HOPP<br><br>Spanish, Italian, Greek, and Haitian |

| | | | |
|---|---|---|---|
| | Headquarters, Inc. | | 1939 | |
| | Clearpoint, a division of Money Management International | 215 Washington St. Suite 005, Watertown, NY 13601 | 713.394.3232 | |
| **Livingston** | Consumer Credit Counseling Services of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| | The Housing Council | 75 College Ave., 4th Floor, Rochester, NY 14607 | 585-546-3700 | HOPP |
| **Madison** | Home Headquarters, Inc. | 538 Erie Blvd West, Syracuse NY 13204 | 315-474-1939 | HOPP  Spanish speaking staff available |
| | UNHS NeighborWorks Homeownership Center | 1611 Genesee Street, Utica, NY 13501 | 315-724-4197 | HOPP |
| | Community Action Program for Madison County | 3 East Main St., Morrisville, NY 13408 | 315-684-3144 | ASL trained staff available |
| **Monroe** | Consumer Credit Counseling Services of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| | Marketview Heights Association | 308 North Street, Rochester, NY 14605 | 585-423-1540 | HOPP |
| | The Housing Council | 75 College Ave., 4th Floor, Rochester, NY 14607 | 585-546-3700 | HOPP |
| | Urban League of Rochester | 265 North Clinton Ave., Rochester, NY | 585-325-6530 | |
| **Montgomery** | Better Neighborhoods, Inc. | 120 Emmons St., Schenectady, NY 12304 | 518-372-6469 | HOPP  Spanish speaking staff available |
| | UNHS NeighborWorks Homeownership Center | 1611 Genesee Street, Utica, NY 13501 | 315-724-4197 | HOPP |
| **Nassau** | American Debt Resources, Inc. | 248C Larkfield Road, East Northport, NY 11731 | 1-800-498-0766 | HOPP  Spanish speaking staff available |
| | Community Development Corporation of Long Island | 333 No Main St., Freeport, NY 11520 | 631-471-1215 x158 | HOPP  Spanish speaking staff available |
| | Central Islip Civic Council | 68 Wheeler Road Central Islip NY, 11722 | 631-348-0669 | HOPP |

| | | | | |
|---|---|---|---|---|
| | Assistance, Inc. | | | |
| | GreenPath Debt Solutions | 31 West 34th Street, Suite 7030 New York, NY 10001 | 866-285-4059 | |
| Niagara | Belmont Housing Resources | 1195 Main St., Buffalo, NY 14209 | 716-884-7791 | HOPP |
| | West Side NHS | 203 Military Rd., Buffalo, NY 14207 | Tuesdays and Wednesdays at (716) 885-2344, Thursdays and Fridays at (716) 877-3910 | HOPP |
| | Consumer Credit Counseling Services of Buffalo, Inc. | 40 Gardenville Parkway, Suite 300, West Seneca, NY 14224 | 1-800-926-9685 or 716-712-2060 | HOPP |
| | Neighborhood Housing Services of South Buffalo | 1937 South Park Ave., Buffalo, NY 14220 | 716-823-3630 | |
| Oneida | UNHS NeighborWorks Homeownership Center | 1611 Genesee Street, Utica, NY 13501 | 315-724-4197 | HOPP |
| | Clearpoint, a division of Money Market International | 5794 Widewaters Parkway, Syracuse, NY 13214 | 713.394.3232 | |
| | Cooperative Federal Credit Union | 101 Gertrude St., Syracuse, NY 13202 | 315-476-5290 | |
| Onondaga | Home Headquarters, Inc. | 538 Erie Blvd West, Syracuse NY 13204 | 315-474-1939 | HOPP Spanish speaking staff available |
| | Clearpoint Credit Counseling Solutions | 5794 Widewaters Parkway, Syracuse, NY 13214 | 1-800-750-2227 | |
| | Cooperative Federal Credit Union | 800 N. Salina St., Syracuse, NY 13208 | 315-476-5290 | |
| Ontario | Consumer Credit Counseling Services of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| | Community Action In Self Help | 48 Water St., Lyons, NY 14489 | 315-946-6992 | HOPP |
| | Keuka Housing | 160 Main St. Penn Yan, NY 14527 | 315-536- | HOPP |

| | | | | French Creole speaking staff available. Translation Service available. |
|---|---|---|---|---|
| | NY Commission of Human Rights- Queens | 153-01 Jamaica Ave. Jamaica, NY 11432 | 718-657-2465 | Spanish speaking staff available |
| | Margert Community Corporation | 325 Beach 37th Street Far Rockaway, NY 11691 | 718-471-3724 | Spanish speaking staff available |
| | Queens Community House | 108-25 62nd Drive, Forest Hills, NY 11375 | 718-592-5757 | |
| Rensselaer | Troy Rehabilitation and Improvement Program (TRIP) | 415 River St., Troy, NY  12180 | 518-690-0020 | HOPP |
| | United Tenants of Albany | 33 Clinton Ave., Albany, NY  12207 | 518-436-8997 | HOPP  For tenants whose buildings are in process of being foreclosed or whose building has been foreclosed |
| | Albany County Rural Housing Alliance | 24 Martin Road, Voorheesville, NY  12186 | 518-765-2425 | HOPP |
| | Affordable Housing Partnership | 255 Orange St., Albany, NY  12210 | 518-434-1730 | HOPP |
| Richmond | Northfield Community Local Dev. Corp. of Staten Island | 160 Heberton Ave. Staten Island, NY 10302 | 718-442-7351 | HOPP  Russian speaking staff available |
| | MHANY Management, Inc. | 1 Metro Tech Center North 11th Floor, Brooklyn, NY  11201 | 718-246-8080 | HOPP  Spanish, Italian, Greek, and Haitian Creole speaking staff available |
| | Neighborhood Housing Services, Staten Island | 770 Castleton Ave., Staten Island, NY 10310 | 718-442-8080 | Spanish speaking staff available |
| | NYC Commission on Human Rights- Staten Island | 60 Bay St. 7th Floor, Staten Island, NY 10301 | 718-390-8506 | Spanish speaking staff available |
| Rockland | Housing Action Council | 55 South Broadway, Tarrytown, NY 10591 | 914-332-4144 | HOPP |
| | Rockland Housing Action Coalition | 120-126 North Main St.,  Annex-First Floor, New City, NY 10956 | 845-708-5799 | HOPP  Spanish, Creole, Hebrew, and ASL speaking staff available |

| | | | | |
|---|---|---|---|---|
| | Essex County (HAPEC) | | | |
| | North Country Housing Council | 19 Main St., Canton, NY 13617 | 315-386-8576 | |
| | Clearpoint, a division of Money Management International | 215 Washington St. Suite 005, Watertown, NY 13601 | 713.394.3232 | |
| Steuben | Arbor Housing and Development | 26 Bridge St., Corning, NY 14830 | 607-654-7487 | HOPP |
| | Accord | 84 Schuyler St., Belmont, NY 14813 | 585-268-7605 | HOPP |
| | Catholic Charities of Chemung | 215 East Church St., Suite 101, Elmira, NY 14901 | 607-734-9784 | HOPP |
| Suffolk | American Debt Resources, Inc. | 248C Larkfield Road, East Northport, NY 11731 | 1-800-498-0766 | HOPP<br><br>Spanish speaking staff available |
| | Central Islip Civic Council | 68 Wheeler Rd. Central Islip, NY 11722 | 631-348-0669 | HOPP<br><br>Spanish speaking staff available |
| | Community Development Corporation of Long Island | 2100 Middle Country Rd., Suite 300, Centereach NY 11720 | 631-471-1215 ext. 158 | HOPP<br><br>Spanish speaking staff available |
| | Debt Counseling Corp. | 3033 Express Dr. N, Hauppauge, NY 11749 | 1-888-354-6332 ext. 316 | HOPP<br><br>Spanish speaking staff available |
| | Economic Opportunity Council of Suffolk, Inc. | 320 Carleton Avenue Suite 7800 Central Islip NY 11722 | 631-647-3762 x 1204 or 1205 | HOPP<br><br>Spanish speaking staff available |
| | Housing Help, Inc. | 91-101 Broadway Greenlawn, NY 11740 | 631 754 0373 | HOPP<br><br>Spanish speaking staff available |
| | La Fuerza Unida, Inc. | 1 School St., Suite 302, Glen Cove, NY 11542 | 516-759-0788 | HOPP<br><br>Spanish speaking staff available |
| | Long Island Housing Partnership, Inc. | 180 Oser Ave., Hauppauge, NY 11788 | 631-435-4710 | HOPP<br><br>Spanish speaking staff available |
| | Long Island Housing Services, Inc. | 640 Johnson Ave., Suite 8, Bohemia, NY 11716 | 631-567-5111 x383 | HOPP<br><br>Spanish speaking staff available |
| | Safeguard Credit Counseling, Inc. | 67 Fort Salonga Road Northport NY 11768 | 1-800-673-6993 | HOPP |

New York State Non-Profit Housing Counseling Agencies Providing Services to Homeowners in Default and Foreclosure - Statewide Listi...

| | | | | |
|---|---|---|---|---|
| Washington | Housing Assistance Program of Essex County (HAPEC) | 103 Hand Ave., Elizabethtown, NY 12932 | 518-873-6888 | HOPP |
| | Albany County Rural Housing Alliance | 24 Martin Road, Voorheesville, NY 12186 | 518-765-2425 | HOPP |
| Wayne | Community Action in Self Help | 48 Water St., Lyons, NY 14489 | 315-946-6992 | HOPP |
| | Consumer Credit Counseling Service of Rochester, Inc. | 50 Chestnut Plaza, Rochester, NY 14604 | 1-888-724-2227 | HOPP |
| Westchester | Community Housing Innovations, Inc. | 75 South Broadway, Ste 340 White Plains, NY 10601 | 914-683-1010 | HOPP |
| | Housing Action Council | 55 South Broadway, Tarrytown, NY 10591 | 914-332-4144 | HOPP |
| | Human Development Services of Westchester, Inc. | 28 Adee St. Port Chester, NY 10573 | 914-939-2005 | HOPP Spanish speaking counselors available |
| | Westchester Residential Opportunities | 470 Mamaroneck Ave., Suite 410 White Plains, NY 10605 | 914-428-4507 OR 877-WRO-4YOU | HOPP Spanish and French speaking staff available |
| | Putnam County Housing Corp. | 11 Seminary Hill Rd., Carmel, NY 10512 | 845-225-8493 | HOPP Serving Northern section of county |
| | Greenpath | One Barker Ave., Suite 420 White Plains, NY 10601 | 888-366-9140 | |
| Wyoming | Belmont Housing Resources | 1195 Main St. Buffalo, NY 14209 | 716-884-7791 | HOPP |
| | Consumer Credit Counseling Services of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| | ACCORD | 84 Schuyler St., Belmont, NY 14813 | 585-268-7605 | HOPP |
| | Consumer Credit Counseling Services of Buffalo, Inc. | 40 Gardenville Parkway, Suite 300, West Seneca, NY 14224 | 1-800-926-9685 or 716-712-2060 | HOPP |
| Yates | Keuka Housing Council | 160 Main St. Penn Yan, NY 14527 | 315-536-8707 | HOPP |

**EXHIBIT E**



**New York State Department of Financial Services**
One State Street Plaza, New York, NY 10004

Proof of Filing Statement

To Whom It May Concern:

Section 1306 of the Real Property Actions and Proceedings Law (RPAPL) requires lenders, assignees or mortgage loan servicers servicing loans on 1-to-4 family residential properties in New York State to file certain information with the Superintendent of the Department Financial Services within three days after the mailing of a 90-Day Pre-Foreclosure Notice.

The information below pertains to a filing submitted to the Department of Financial Services as required in Section 1306 of RPAPL.  The information is presented as filed by the lender, assignee or mortgage loan servicer.

**Filer Information:**

| | |
|---|---|
| Name | : USDA Rural Development |
| Address | : 441 South Salina St., Suite 357 |
| |   Syracuse NY  13202 |

**Filing Information:**

| | |
|---|---|
| Tracking Number | : NYS4713059 |
| Mailing Date Step 1 | : 03-AUG-18 12.00.00.000 AM |
| Mailing Date Step 2 | : |
| Judgment Date Step 3 | : |
| Filing Date Step 1 | : 06-AUG-18 04.05.28.000 PM |
| Filing Date Step 1 Orig | : 06-AUG-18 04.03.57.000 PM |
| Filing Date Step 2 | : |
| Filing Date Step 3 | : |
| Owner Occupd at Jdgmnt | : |
| Property Type | : 1 to 4 Family Home |
| Property Address | : 181 West North Street  Ballston SPA |
| |   NY 12020 |
| County | : Saratoga |
| Date of Original Loan | : 02-JUN-06 12.00.00.000 AM |
| Amt of Original Loan | : 145135 |
| Loan Number Step 1 | : ███████ |
| Loan Number Step 2 | : |
| Loan Reset Frequency | : |
| Loan Type | : 1st Lien |
| Loan Details | : Fixed Rate |
| Loan Term | : Other |
| Loan Modification | : No Modification |
| Days Delinquent | : Other |
| Borrower's Name | : Paul H Whalen |
| Address | : 181 West North Street |
| |   Ballston SPA  12020 |
| Borrower's Phone No | : ███████ |
| Filing Status | : Step 1 Completed |

Sincerely,

New York State Department of Financial Services



**New York State Department of Financial Services**
One State Street Plaza, New York, NY 10004

Proof of Filing Statement

To Whom It May Concern:

Section 1306 of the Real Property Actions and Proceedings Law (RPAPL) requires lenders, assignees or mortgage loan servicers servicing loans on 1-to-4 family residential properties in New York State to file certain information with the Superintendent of the Department Financial Services within three days after the mailing of a 90-Day Pre-Foreclosure Notice.

The information below pertains to a filing submitted to the Department of Financial Services as required in Section 1306 of RPAPL.  The information is presented as filed by the lender, assignee or mortgage loan servicer.

**Filer Information:**

Name                          : USDA Rural Development
Address                       : 441 South Salina St., Suite 357
                                 Syracuse NY  13202

**Filing Information:**

Tracking Number               : NYS4713059
Mailing Date Step 1           : 03-AUG-18 12.00.00.000 AM
Mailing Date Step 2           :
Judgment Date Step 3          :
Filing Date Step 1            : 06-AUG-18 04.05.28.000 PM
Filing Date Step 1 Orig       : 06-AUG-18 04.03.57.000 PM
Filing Date Step 2            :
Filing Date Step 3            :
Owner Occupd at Jdgmnt        :
Property Type                 : 1 to 4 Family Home
Property Address              : 181 West North Street  Ballston SPA
                                 NY 12020
County                        : Saratoga
Date of Original Loan         : 02-JUN-06 12.00.00.000 AM
Amt of Original Loan          : 145135
Loan Number Step 1            : █████████
Loan Number Step 2            :
Loan Reset Frequency          :

Loan Type                     : 1st Lien
Loan Details                  : Fixed Rate
Loan Term                     : Other
Loan Modification             : No Modification
Days Delinquent               : Other
Borrower's Name               : Barbara A Whalen
Address                       : 181 West North Street
                                 Ballston SPA  12020
Borrower's Phone No           █████████
Filing Status                 : Step 1 Completed

Sincerely,

New York State Department of Financial Services

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)   PLAINTIFFS

United States of America

## DEFENDANTS

Paul H. Whalen, Barbara A. Whalen et al

**(b)**   County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Nicole LaBletta
Pincus Law Group, PLLC
425 RXR Plaza Uniondale, NY 11556 516-669-8902

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
       Plaintiff

☐ 2   U.S. Government
       Defendant

☐ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY

☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

### REAL PROPERTY

☐ 210 Land Condemnation
☒ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS

☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation - Transfer
☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 U.S. C, Section 1345

Brief description of cause:
Action to foreclose a mortgage

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
178,592.87

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
07/16/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/Nicole B. LaBletta

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT   Waived   APPLYING IFP _____   JUDGE   TJM   MAG. JUDGE   ATB

[ Print ]   [ Save As... ]   1:19-cv-849   [ Reset ]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.